[No. 11345.   Department Two. — May 28, 1888.]

## JOSHUA HENDY MACHINE WORKS, APPELLANT, v. PATRICK CONNOLLY, RESPONDENT.

SALE—OWNERSHIP—WANT OF CHANGE OF POSSESSION—FINDINGS. — The action was brought by an alleged vendee of personal property to recover the possession thereof from a sheriff who had taken it under a writ of attachment against the vendor.   The answer denied the allegations of the complaint as to the plaintiff's ownership and possession, and averred that the property belonged to the attachment debtor at the date of the levy, and that the sale to the plaintiff was fraudulent because made for the purpose of defrauding creditors.   The main question on the trial was, whether the sale had been accompanied by an immediate delivery and actual and continued change of possession.   The court did not specifically find that the sale to the plaintiff was fraudulent, or that the vendor was the owner of the property at the date of the attachment, but it did find that the plaintiff was not the owner.   *Held*, that the findings were sufficient to sustain a judgment for the defendant.

ID. — EVIDENCE OF INDEBTEDNESS — JUDGMENT ROLL IN ATTACHMENT SUIT. — In such an action, the judgment roll in the attachment suit, if admitted without objection, is sufficient evidence to show an indebtedness to the attaching creditor which antedated the sale to the plaintiff, and justified the issuance of the writ and seizure of the property.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*W. H. H. Hart,* and *Aylett R. Cotton,* for Appellant.

*Royce & Cummins,* for Respondent.

BELCHER, C. C.—This is an action to recover the possession or value of a steam-boiler. The plaintiff asserts title to the boiler under a bill of sale made by one Alexander McDaid on the fourteenth day of August, 1883, and under a bill of sale made to McDaid by one John Mason on the eighth day of the same month. It is alleged in the complaint that on the fourteenth day of August, 1883, the plaintiff was and ever since has been the owner of the boiler, and that on the eighteenth day of that month the defendant wrongfully took the same from the possession of plaintiff. The answer denies that the plaintiff was, at the time named in the complaint, or ever at any time, the owner of the boiler, or that defendant wrongfully, or at all, took it from the possession of plaintiff; and alleges that it was the property and in the possession of John Mason, and that defendant, as sheriff of the city and county of San Francisco, under a writ of attachment duly issued against Mason, seized and took it from the possession of Mason on the seventeenth day of August, 1883. The answer further alleges that the plaintiff's claim of title to the boiler was under a sham, fictitious, fraudulent, and void transfer from Mason, made for the purpose of hindering, delaying, and defrauding his creditors.

The court below found that the plaintiff was not the owner of the boiler on the fourteenth day of August, 1883, nor at any time prior to the commencement of

the action, and that defendant did not on the eighteenth day of that month, or at any other time, take the boiler from the possession of plaintiff. And it further found that the defendant was the sheriff of the city and county of San Francisco at all the times mentioned in the complaint, and that on the seventeenth day of August, 1883, as such sheriff, he seized and took into his possession the property in question, by virtue of a writ of attachment regularly issued out of the superior court of the said city and county, in an action brought therein by one Joseph Schweitzer against John Mason to recover the sum of $800, which action was afterward regularly brought to trial, and judgment was entered therein for the plaintiff in the sum of $854.50.

Upon the findings the court gave judgment for the defendant, from which, and from an order denying a new trial, the plaintiff has appealed.

It is now claimed by the appellant that the findings that the plaintiff was not the owner of the boiler, and that defendant did not take it from plaintiff's possession, were not justified by the evidence. After carefully reading all of the evidence presented in the transcript, we cannot say that the findings complained of were not justified. The principal question at the trial was as to whether or not the alleged transfers of the boiler were accompanied by an immediate delivery and followed by an actual and continued change of possession, and upon this question there was a conflict, if not a decided preponderance of the evidence, that no such delivery and change of possession were had as is required to pass the title as against an attaching creditor. (Civ. Code, sec. 3440.)

It is also claimed that the court should have found as to whether or not Mason was the owner of the boiler when it was taken under the writ of attachment, and as to whether or not the sales under which the plaintiff claimed title were made for the purpose of hindering, delaying, and defrauding the creditors of Mason, and

that for the want of these findings the judgment should be reversed.

It seems to us that the findings, as made, were sufficient. The plaintiff was not the owner of the boiler, as against an attaching creditor, if the sales were not accompanied by an immediate delivery, and followed by an actual and continued change of possession, nor if the sales were made with intent to delay or defraud the creditors of Mason. The findings covered all the ultimate facts, and it was not necessary to find the probative facts.

It is said that there was no proof that Mason was indebted to Schweitzer at the time of the sale to McDaid. But the judgment roll in the suit in which the attachment was issued was offered and admitted in evidence, and there was no objection to it on this ground. It must be presumed, therefore, that it showed an indebtedness which antedated the sale, and justified the issuance of the writ and seizure of the property.

Several exceptions were taken by the plaintiff at the trial to orders of the court refusing to permit certain questions to be answered by witnesses, but they need not be specially considered. We see no error in the rulings.

We find nothing in the transcript calling for a reversal of the judgment, and therefore advise that the judgment and order be affirmed.

Foote, C., and Hayne, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.